RECEIVED
IN ALEXANDRIA, LA.
JAN 1 5 2014
TONY R. MOORE, CLERK
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MICHELLE WILLIAMS | : | DOCKET NO. 3:12-1975 |
| VS. | : | JUDGE TRIMBLE |
| CAPITAL ONE N.A. | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #13) filed by defendant, Capital One N.A. wherein the defendant moves to dismiss the claims of plaintiff because it is undisputed that (1) plaintiff's claims under TILA are time barred; (2) plaintiff's claims predating August 4, 2004, are barred by the doctrine of judicial estoppel; (3) plaintiff's claims of "predatory lending" fail as a matter of law under any applicable state or federal law; and (4) plaintiff has not shown that defendant breached any applicable law or the terms of the contracts at issue between the parties. Plaintiff, Michelle Williams opposes the motion. For the following reasons, the motion will be granted dismissing with prejudice all of plaintiff's claims.

### FACTUAL STATEMENT

In her petition, Williams alleges that Capital One:(1) charged Williams for flood insurance premiums even though she had purchased her own flood insurance,[1] (2) failed to "credit plaintiff's account for mortgage payments and fees from January 30, 2004 through September 21, 2004;"[2] (3)

---

[1] Plaintiff's petition, ¶ II.

[2] Plaintiff's petition, ¶ III.

added "unexplained charges to her accounts at will without notice to her,"[3] and (5) refused to respond to Williams' inquiries and prohibited branch personnel "from providing plaintiff with documents of her account balance."[4]

On June 11, 2002, Michelle Williams executed a promissory note and on March 5, 1999, she executed a mortgage in favor of defendant Capital One N.A. ( "Capital One"). On October 22, 2003, plaintiff filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court; she was granted a discharge on August 4, 2004. In her bankruptcy petition, Williams responded that she had no "contingent and unliquidated claims of every mature, including tax refunds, counterclaims of the debtor, and rights to setoff claims."[5]

Capital One provided bank statements to Williams which disclosed late charges and insurance premium charges. The Promissory Note expressly provided that Capital One had the right to charge late fees in the event of default.[6] The Mortgage Agreement expressly provided that Williams must maintain flood insurance on the property as long as the Mortgage remained in effect.[7] From the inception of the loan up until April 11, 2011, Williams made late payments on her mortgage 56 times.[8] Capital One assessed late fees pursuant to the contract; the last late payment

---

[3] Plaintiff's petition, ¶ IV.

[4] Id.

[5] Defendant's exhibit C, p. 7, R. #13-5.

[6] Defendant's exhibit A.

[7] Defendant's exhibit B.

[8] Defendant's exhibit F, p. 5.

2

fee was charged to Williams on April 11, 2011.[9] Williams failed to provide proof of insurance to Defendant sufficient to satisfy the terms of the Mortgage at any time on or after June 4, 2011.[10] Defendant's records reflect that the last charge for a forced placed flood insurance premium was assessed on or about October 16, 2009.[11] Capital One did not procure any policy of insurance with respect to Williams or the property for the years 2011 and 2012, except as permitted by the terms of the Mortgage.[12]

In her statement of material facts, Williams alleges that she maintained flood insurance on the property and that she "advised of same" to Capital One, but that Capital One continued to force place the insurance and charge her for the cost of the premiums.[13] She further alleges that the mortgage payments she made from January 30, 2004 through September 21, 2004 were not credited to her account.[14] As summary judgment evidence, plaintiff submits "Loan Transaction Details" for Account Number - 00110009095344.[15]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

---

[9] Id.

[10] Id, p. 7, Affidavit of Alan Baxter, ¶ 5, R. #25-1.

[11] Affidavit of Alan Baxter, ¶ 6. R. #25-1.

[12] Id.

[13] Williams' statement of material fact #3.

[14] Id., ¶ #4.

[15] Williams' exhibit P1.

3

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[16] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[17] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[18] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[19] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[20] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[21] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[22] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[23]

---

[16] Fed. R.Civ. P. 56(c).

[17] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[18] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[19] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[20] Anderson, 477 U.S. at 249.

[21] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[22] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[23] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

In its motion for summary judgment, Capital One maintains that summary judgment should be granted in its favor because (1) Williams' claims under the Truth in Lending Act ("TILA") are time barred, (2) Williams' claims predating August 4, 2004 are barred by the doctrine of judicial estoppel; (3) Williams' state law and federal claims of "predatory lending" fail as a matter of law, (4) Williams has failed to show that Capital One breached any applicable law or the terms of the parties' contracts.

*Prescription*

The TILA requires lenders to disclose to consumers meaningful information with respect to credit terms and to protect consumers against inaccurate and unfair credit billing and credit card practices[24] such as the identity of the creditor, the amount financed, finance charges, the variable rate, the payment schedule, insurance or debt cancellations and certain security interest charges.[25] TILA also requires the creditor to disclose assignments of the mortgage loan, the name and contact information for the person who become the owner of the loan, and the date of the transfer.[26]

TILA requires a debtor to bring claims within one year from the date of the occurrence of the violation.[27] A violation occurs when the transaction is consummated.[28] An occurrence is the date upon which the borrower enters into a loan agreement or when the lender performs under the loan

---

[24] 15 U.S.C. § 1601(a).

[25] See 12 C.F.R. § § 226.17 and 226.18.

[26] 15 U.S.C. § 1641 (f) 12 C.F.R. § 226.39.

[27] 15 U.S.C. § 1640(e).

[28] Wachtel v. West, 476 F.2d 1062, 1065 (6th Cir. 1973).

agreement by transmitting loan funds.[29]

Capital One maintains that any TILA claims made by plaintiff are prescribed. The promissory note was executed on June 11, 2002 and the mortgage on March 5, 1999. Williams filed the instant suit on June 4, 2012. Williams has failed to submit any summary judgment evidence to dispute this. Accordingly, the court finds merit to Capital One's argument and will dismiss Williams' TILA claims as prescribed. Likewise, Williams' state law tort claims as to "predatory lending" and fraudulent practices are subject to a one-year statute of limitations and therefore will also be dismissed as prescribed.

*Judicial estoppel*

Next, Capital One maintains that the doctrine of judicial estoppel bars plaintiff's claims that pre-date her bankruptcy discharge on August 4, 2004. Judicial estoppel "is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position,"[30] and is particularly appropriate where "a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."[31]

Courts apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently."[32] Capital

---

[29] See Velardo v. Fremont Inv. & Loan, 298 Fed.Appx. 890 (11 th Cir. 2008); Boursiquot v. Citibank F.S.B. 323 F.Supp.2d 350 (D.Conn. 2004).

[30] In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999).

[31] Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600 (5th Cir. 2005).

[32] Id.

One argues that because when Williams filed her bankruptcy proceeding, she did not list as an asset, her claims in this lawsuit, therefore, she took an inconsistent position in the bankruptcy court than she is taking in this lawsuit. In other words she neglected to disclose her claims against Capital One when she filed Chapter 7 and she failed to amend her claims during the proceeding. Capital One remarks that on January 4, 2004, Williams reaffirmed her obligation to Capital One without reservation or qualification, yet she filed suit against Capital One as to the mortgage on June 4, 2014.

Williams relies on equitable tolling claiming that she was unaware of Capital One's actions for several years. Equitable tolling is allowed if a plaintiff has been prevented from doing so due to inequitable circumstances. Capital One remarks that the various fees and charges were disclosed to plaintiff on her monthly statements. Williams does not dispute this, nor does Williams dispute the fact that the last offending charge of $15 for a late fee was charged to her in April 2011.

The court finds merit to Capital One's argument in that equitable tolling is not applicable and Williams claims are barred due to judicial estoppel and prescription.

*Do plaintiff's claims fail as a matter of law?*

Plaintiff complains that she was not credited for payments she made from January 2004 until September 2004. Capital One remarks that the summary judgment evidence submitted by Williams reveals that from March 2003 until December 2003, Williams failed to make any payments. Therefore, when she did start making payments in December 2003, Capital One applied said payments according to the payment-application terms of the Promissory Note until she had paid down the accrued interest. Williams has failed to dispute this. Therefore, Capital One maintains that Williams' claims fail as a matter of law. The court agrees and accordingly, Williams' claims will be dismissed because they fail as a matter of law.

7

*Flood insurance premiums*

Williams claims that Capital One inappropriately force placed flood insurance on her property causing her monthly payments to increase. Capital One maintains that Williams failed to provide it with sufficient proof of flood insurance. Williams has submitted as summary judgment evidence two letters wherein Capital One notified Williams that because she had failed to provide proof of insurance, it would force place the flood insurance pursuant to the terms of the Mortgage.[33] Williams has submitted summary judgment evidence that she purchased flood insurance during the relevant period, however she has failed to submit any summary judgment evidence that she provided proof of that insurance to Capital One. Accordingly, the court finds that Williams has failed to create a genuine issue of material fact for trial and that she cannot establish that Capital One breached any terms of the contracts between the parties.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in all respects and all of the claims of plaintiff will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15 day of January, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[33] Plaintiff's exhibit p3.